IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVE ROBINSON,**

    **Plaintiff,**

**v.**

**ALTER BARGE LINE, INC.,**

    **Defendant.**                                Case No. 05-cv-665-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

**I. INTRODUCTION**

       Before the Court is Defendant's Bill of Costs (Doc. 21), filed subsequent to the Court's March 15, 2007 Order (Doc. 13) granting Defendant's Motion for Summary Judgment (Doc. 9). Defendant seeks reimbursement pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** and **28 U.S.C. § 1920**. Plaintiff has objected to the Bill of Costs (Doc. 22) in its entirety, or, in the alternative, to all costs except the related costs for the depositions of Plaintiff and Mary Jekel. Defendant has responded to Plaintiff's objection (Doc. 23). The Court will now address these objections to determine the proper amount of costs, if any, taxable to Plaintiff.

## II. ANALYSIS

### A. Defendant's Bill of Costs

Defendant moves, pursuant to **Rule 54(d)** and **28 U.S.C. § 1920**, for an award of costs as set forth in the Bill of Costs (Doc. 21). Along with its Bill of Costs, Defendant has attached the relevant invoices in order to verify each cost claimed. The costs are as follows:

| | | |
|---|---|---:|
| (1) | Fees of the Clerk | $ 250.00 |
| (2) | Fees of court reporter | $ 1,184.60 |
| **TOTAL:** | | **$ 1,434.60** |

The fees of the clerk were incurred upon Defendant's removal of this case from state court. Court reporter fees were incurred for the following:

| | |
|---|---:|
| (1) Deposition of plaintiff Dave Robinson on 2/21/06 | $ 538.95 |
| (2) Deposition of James Harvey on 7/18/06 | $ 77.90 |
| (3) Deposition of Derek Hasty on 6/21/06 | $ 76.10 |
| (4) Deposition of Helen Rhymes & Jeffrey Gegg on 6/01/06 | $ 172.70 |
| (5) Deposition of Randy Kirschbaum on 2/21/06 | $ 192.65 |
| (6) Deposition of Mary Jekel on 2/22/06 | $ 126.30 |
| **Subtotal:** | **$ 1,184.60** |

## B.     LEGAL STANDARD

Taxable costs are allowed pursuant to **28 U.S.C. § 1920**.[1]  In this case, the Court will also follow the guidance provided by its own Local Civil Rule 54.2 regarding taxation of costs ("Civ. L. R. 54.2").[2]  However, it is within the district

---

[1] **28 U.S.C. § 1920 Taxation of Costs**, states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under
> section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

[2] **Civ. L.R. 54.2** essentially mirrors the federal statute and states in pertinent part:

> Only those items authorized by law may be taxed as costs.  Not all trial expenses are taxable as costs.  Costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  Items taxable as costs include the following:
> **(1)** fees of the clerk and marshal, 28 U.S.C. §§ 1914, 1920(1), and 1921;
> **(2)** court reporter fees, 28 U.S.C. § 1920(2);
> **(3)** witness fees including travel and subsistence, 28 U.S.C. § 1920(3);
> **(4)** printing, copying, and exemplification fees when necessary for use in the case, 28 U.S.C. § 1920(4);
> **(5)** docket fees, 28 U.S.C. §§ 1920(5) and 1923;
> **(6)** deposition fees when used at trial and, in the court's discretion, other deposition fees when reasonably necessary to the case, 28 U.S.C. § 1920(2),(3),(6);
> **(7)** interpreter and court appointed expert fees, 28 U.S.C. §§ 1828 and 1920(6); and
> **(8)** fees and expenses otherwise taxable as costs as provided by law.

court's discretion to determine which costs Defendant seeks fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. *See State of Ill. v. Sangamo Construction Co.*, **657 F.2d 855, 863-64 (7th Cir. 1981)**. A separate analysis will be conducted of each category of Defendant's claimed costs to determine whether they are properly taxable and if so, in what amount.

1.  **Fees of the Clerk of the Court**

Defendant was granted summary judgment on the legal basis that Plaintiff's state law claims were preempted by federal law. Plaintiff objects to Defendant's request for reimbursement of the $250.00 filing fee paid to the Clerk of the Court when it removed this action from state court, arguing that Defendant unnecessarily incurred the removal fee because the preemption argument could and should have been made in state court. Thus, Plaintiff does not believe the $250.00 is properly taxable. Defendant counters by noting that **28 U.S.C. § 1920** provides that fees of the clerk or docketing fees may be taxed in favor of the prevailing party. Further, Defendant states that **28 U.S.C. § 1441** grants it the right to remove a case to federal court if subject matter exists and therefore, the filing fee should be a properly taxable cost.

A fee for filing a removal is a fee of the clerk and **§ 1920** does not distinguish between the fees charged by the clerk. Further, Plaintiff fails to cite any legal authority to support its position that a removal fee should not be taxable

because the preemption issues could have been determined in state court, nor has the Court been able to find legal authority of the like.  Therefore, Plaintiff's objection to reimbursement of fees of the clerk is **DENIED** under a plain language reading of the statute that allows for taxation of fees of the clerk.

    **2.**    **Court Reporter Fees**

As previously listed in this Order, Defendant seeks reimbursement of court reporter fees for seven depositions taken in this case.  Plaintiff objects to all of them, stating that the issues resolved by the Court were strictly legal and therefore did not rely on evidence derived from deposition testimony, making these costs unnecessary.  In the alternative, Plaintiff argues that the court reporter fees for the depositions of Plaintiff and Jekel should be taxable as these were the only depositions Defendant relied upon in its Motion for Summary Judgment.

In response, Defendant asserts that court reporter fees for depositions, including transcript costs, are properly taxable under **28 U.S.C. § 1920**.  Moreover, Defendant believes all seven depositions were necessary in its defense of this case. In support, Defendant cites to ***Hudson v. Nabisco Brands*, 758 F.2d 1237, 1243 (7th Cir. 1985)**, for the proposition that the issue of "necessity" is determined from the facts known to the deposing party at the time of the deposition and not by subsequent development that may render the deposition less than useful for dispositive motions or trial.  Defendant explains that all of these depositions were taken before its Motion for Summary Judgment was filed on June 23, 2006 and

ruled upon by the Court. Whether these depositions were necessary for its summary judgment motion, Defendant contends they were necessary as part of its factual defense if the case were to proceed to trial.

Regarding whether court reporter fees incurred for taking a deposition are properly taxable, the Seventh Circuit does not require that the deposition be used in a summary judgment motion or at trial in order to find it "necessary" and thus, taxable. ***Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)("The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition.")(citations omitted)**. Rather, the Court should look to "whether the deposition was 'reasonably necessary' to the case at the time it was taken . . . ." ***Id.*(citation omitted)**.

As for the court reporter fees associated with Plaintiff's and Mary Jenkel's depositions – those are obviously necessary, as the deposition testimony was used to support Defendant's summary judgment motion. Costs incurred for Plaintiff's and Jenkel's depositions are therefore properly taxable and Plaintiff's objection thereto is **DENIED**. Gleaning what it could from the summary judgment pleadings, the Court also finds the deposition of Derek Hasty to be "reasonably necessary," as Hasty was one of the employees Plaintiff believed was likely under the influence while on board Defendant's barges. Similarly, the Court finds the deposition of Randy Kirschbaum to be "reasonably necessary," as Kirschbaum was

involved in the termination of Defendant and was therefore an integral witness in this case. (Further, Plaintiff used his deposition transcript in his Response to Defendant's Motion for Summary Judgment (Doc. 11, Ex. 8), which serves to bolster this finding.) Accordingly, the Court finds the court reporter fees associated with the depositions of Hasty and Kirschbaum to be properly taxable and thus Plaintiff's objection thereto is **DENIED**.

The Court takes slight umbrage with the fact Defendant claimed all of the depositions were necessary and that they were taken *before* Defendant filed its Motion for Summary Judgment. Defendant filed its summary judgment motion on June 23, 2006, but Defendant's exhibits show it did not take the deposition of James Harvey until July 18, 2006. Additionally, Defendant gives no explanation whatsoever why the Harvey deposition was "reasonably necessary" to prepare its case nor does it provide explanations as to the depositions of Helen Rhymes and Jeffrey Gegg; the record does not make the necessity of these three depositions apparent. Therefore, the Court **SUSTAINS** Plaintiff's objections as to the taxation of court reporter fees for the depositions of Harvey, Rhymes and Gegg, as they cannot be found to have been "reasonably necessary." In sum, the court reporter fees for the depositions of Plaintiff, Jenkel, Kirschbaum and Hasty are found to be properly taxable – the court reporter fees for the depositions of Harvey, Rhymes and Gegg are not.

### III.  CONCLUSION

Defendant's request for costs, as reflected in its Bill of Costs (Doc. 21), is hereby **GRANTED IN PART AND DENIED IN PART**, the Court having determined that certain costs are taxable but not in the amount originally requested by Defendant.

The following items are properly taxable against Plaintiff:

| | |
|---|---:|
| (1) Fees of the Clerk | $ 250.00 |
| (2) Court Reporter Fees for Plaintiff (Robinson) Dep. | $ 538.95 |
| (3) Court Reporter Fees for Hasty Dep. | $ 76.10 |
| (4) Court Reporter Fees for Kirschbaum Dep. | $ 192.65 |
| (5) Court Reporter Fees for Jekel Dep. | $ 126.30 |
| **TOTAL:** | **$ 1,184.00** |

The Clerk of the Court shall therefore enter a taxation of costs against Plaintiff in this matter in accordance with this Order in the total amount of **$ 1,184.00**.

**IT IS SO ORDERED**.

Signed this 25th day of October, 2007.

/s/      DavidRHerndon
**Chief Judge**
**United States District Court**