# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVE ROBINSON,

    **Plaintiff,**

v.

ALTER BARGE LINE, INC.,

    **Defendant.**                              Case No. 05-cv-665-DRH

## ORDER

**HERNDON, District Judge:**

On March 15, 2007, the Court issued an order (Doc. 13) granting Defendant's Motion for Summary Judgment (Doc. 9), finding that Plaintiff's Illinois Whistleblower Act, **740 ILL. COMP. STAT. 174/20**, and Illinois common law retaliatory discharge claims were preempted by general maritime law.[1] Plaintiff appealed this judgment to the United States Court of Appeals for the Seventh Circuit. On appeal, the Seventh Circuit affirmed in part and reversed in part the Court's order granting summary judgment to Defendant, thereby remanding the case so that the Court could enter an order in compliance with the Appellate Court's Mandate (Doc. 28). ***See Robinson v. Alter Barge Line, Inc.*, Case No. 07-1647, 2008 WL 141798 at \*6 (7th Cir. Jan. 16, 2008)(Posner, J.)**. Specifically, the Seventh Circuit disagreed with this Court's finding that general maritime law preempted both

---

[1] The Court also found that, as a matter of law, Plaintiff did not have a viable federal whistleblower claim under the Seaman's Protection Act, **46 U.S.C. § 2114.**

Plaintiff's Illinois Whistleblower Act and Illinois common law retaliatory discharge claims. ***Id.*** Instead, the Seventh Circuit held that general maritime law did not preempt either the Illinois Whistleblower Act or Illinois's common law tort of retaliatory discharge.[2] ***Id.*** Although the Seventh Circuit did find that Plaintiff failed, as a matter of law, to state a viable whistleblower claim under either state or federal law, it held that Plaintiff's claim for retaliatory discharge under Illinois common law should survive summary judgment.[3] ***Id.* at \*6**. Further, as this state common law cause of action was Plaintiff's sole surviving claim, it also found federal subject matter jurisdiction existed under **28 U.S.C. § 1332**. ***Id.***

Therefore, in accordance with the Mandate of the Seventh Circuit (Doc. 28), the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment (Doc. 9), finding that general maritime law does not preempt either the Illinois Whistleblower Act or Illinois's common law tort of retaliatory discharge. As such, summary judgment is granted in favor of Defendant as to Plaintiff's whistleblower claim, as stated in Count II of his Complaint (Doc. 2). However, summary judgment is denied regarding Plaintiff's retaliatory discharge claim, as stated in Count I of his Complaint (Doc. 2). Even though Plaintiff's

---

[2] The Seventh Circuit also did not approve the district court's alternative finding that the the Seaman's Protection Act, **46 U.S.C. § 2114**, preempted the Illinois Whistleblower's Act. ***Id.* at \*1**.

[3] The Seventh Circuit also found that while Plaintiff had plead a federal claim that Defendant committed a judge-made admiralty tort by firing him for raising safety concerns, he forfeited this claim in the district court; the Appellate Court refused to find that such a tort preempts state law, especially considering Plaintiff's "perfunctory" argument to this effect. ***Id.* at \*5-6**.

surviving claim is a state common law cause of action, the Court finds that it retains subject matter jurisdiction under **28 U.S.C. § 1332**. The Clerk is instructed to reopen the case file.

**IT IS SO ORDERED**.

Signed this 12th day of February, 2008.

/s/      David R Herndon

**Chief Judge
United States District Court**