IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVE ROBINSON,

    Plaintiff,

v.

ALTER BARGE LINE, INC.,

    Defendant.                                   Case No. 05-cv-665-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant's Motion in Limine to Exclude Shirley Adams From Testifying at Trial (Doc. 43), to which Plaintiff has filed an opposing Response (Doc. 45) and Defendant has thereafter replied (Doc. 46). For reasons discussed herein, Defendant's Motion is denied.

Defendant explains that Plaintiff listed Shirley Adams ("Adams") as a witness in his Supplemental Rule 26 disclosure. Plaintiff described Adams as having "knowledge of [D]efendant's propensity to retaliate against employees who bring to [D]efendant's attention actions of vessels which pose a danger to the safety of others . . ." (Doc. 43, Ex. A). The facts show that Defendant terminated Adams's employment in August 2004. Yet, the events giving rise to Plaintiff's claims did not occur until September and October 2004. Therefore, Defendant argues that Adams

lacks any personal knowledge regarding the facts of this case. Moreover, Defendant contends that allowing Plaintiff to use Adams as a witness to present evidence of Defendant's "propensity to retaliate against employees," would be inadmissible under **FEDERAL RULE OF EVIDENCE 404**. Further, Defendant believes such witness testimony would confuse and unfairly prejudice the jury against it. Because Adams has filed her own employment retaliation case against Defendant (*Adams v. Alter Barge Line, Inc.*, Case No. 07-cv-501-DRH), Defendant believes this type of testimony would effectively transform this case into *two* retaliation cases, which would also cause unfair prejudice and juror confusion. As such, Defendant also moves to exclude the witness testimony of Adams under **Rule 403**.

In response, Plaintiff argues that despite Defendant's assertions, Adams is well aware of a number of disputed facts surrounding this case because she was fired only a short time before Plaintiff was fired. Further, Plaintiff notes that Defendant has failed to present the Court with any evidence to show that Adams's knowledge is somehow limited. Instead, Plaintiff states that recent and precedential case law has found "propensity" testimony is not *per se* excludable under **Rule 404**. Plaintiff cites **Hasan v. Foley & Lardner, LLP, --- F.3d --- , No. 07-3025, 2008 WL 5205818, at *8 (7th Cir. Jan. 21, 2008) (discussing *Sprint/United Mgmt. Co. v. Mendelsohn*, --- U.S. ---, 128 S. Ct. 1140, 1147 (2008))**. Additionally, Plaintiff claims that Adams would provide testimony in addition to "propensity to retaliate" evidence, noting that several documents stipulated by the Parties as

admissible evidence bear her initials and signature. Therefore, Plaintiff suggests that instead of barring Adams's testimony, any objections Defendant may have be should resolved at trial.

Replying to Plaintiff's assertion that Adams's testimony will consist of more than just "propensity to retaliate" evidence, Defendant notes that Plaintiff's own Supplemental Rule 26 disclosure itself limits Adams's testimony to her own complaints about Defendant's alleged retaliation and propensity to retaliate against employees. Thus, Defendant argues that Plaintiff's failure to disclose Adams as a witness regarding any other subject should waive her ability to testify as to other matters. Defendant also believes that **Sprint** does not support admitting Adams's "propensity" testimony. Defendant also argues that **Hasan** is inapposite. Instead, Defendant offers the case of **Delaney v. Chertoff, No. 07-c-5785, 2008 WL 4773163, at *2 (N.D. ILL. Oct. 30, 2008) (Conlon, J.)**, a case decided six months after the Supreme Court decided **Sprint**, citing **Rule 404(b)** and holding that "retaliation evidence involving another employee may not be used to establish a propensity to discriminate." Rather, Defendant claims Plaintiff has made no showing as to why Adams's testimony should be admitted under **Evidence Rules 403** or **404**.

*Delaney* does not bind this Court; moreover, it finds the Seventh Circuit case cited by **Delaney** is not completely on point regarding the admission of "propensity" evidence. **Delaney, 2008 WL 4773163, at *2 (citing Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, 494 (7th Cir. 1998))**. Therefore, in following

the guidance of both the Supreme Court and the Seventh Circuit in **Sprint** and *Hasan*, the Court finds it appropriate not to apply a *per se* exclusion or inclusion approach, but rather, under **Evidence Rules 403** and **404**, it should determine the admissibility of the testimony of Shirley Adams by balancing the probative value against the risk of unfair prejudice.

Because Plaintiff has done little to further specify the subject of Adams's testimony other than her anticipated "propensity to retaliate" testimony, there may be an array of subjects pertinent to the instant case of which she likely has personal knowledge. Therefore, Defendant's Motion in Limine (Doc. 43) is **DENIED**, but before any comments are made to the jury during opening statements or before any questions are asked of Shirley Adams as a witness, Plaintiff's counsel will have to reveal outside the hearing of the jury exactly what he expects the witness to testify to regarding the issue of Defendant's termination practices or culture.

**IT IS SO ORDERED**.

Signed this 3rd day of February, 2009.

/s/ *David R Herndon*
**Chief Judge
United States District Court**